IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENISE SANDO,

                           Plaintiff,

    v.                                                      OPINION & ORDER

WOOD RIVER PHARMACY, INC.,
BELLICOSE INTERNATIONAL, INC., and CHRIS                    17-cv-640-jdp
WITZANY,

                         Defendants.

---

Plaintiff Denise Sando is suing defendants Wood River Pharmacy, Inc., Chris Witzany, and Bellicose International, Inc. for violating her rights under the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and state law. She says that she was a "clerk pharmacy technician" and "unit dose department manager" and that the three defendants were her joint employer. (For simplicity, the court will refer to the defendants collectively as "Wood River.")

According to Sando, Wood River discriminated against her in various ways because she needed to work a reduced schedule as a result of multiple medical conditions. She says that they continued to discriminate against her after she needed to take medical leave and complained about the discriminatory treatment. Ultimately, Wood River fired Sando. Sando also says that Wood River prevented her from getting another job. Sando's amended complaint includes five claims: (1) discrimination, in violation of the ADA; (2) retaliation, in violation of the ADA; (3) interference with medical leave, in violation of the FMLA; (4) tortious interference with a prospective contract, in violation of Wisconsin common law; and (5) promissory estoppel under Wisconsin law.

Wood River moves to dismiss claims (3) and (4) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 20. Wood River says that Sando's allegations are insufficient to show that she qualifies for FMLA protections or that Wood River tortiously interfered with a prospective contract. The court disagrees with both contentions and will deny the motion to dismiss.

ALLEGATIONS OF FACT

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the "court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). The court takes the following facts from Sando's amended complaint. Dkt. 11.

Denise Sando worked at Wood River Pharmacy for 17 years. Bellicose International "operat[es]" the pharmacy. Over the course of her employment, Sando suffered from a variety of illnesses and conditions that made it difficult to complete work tasks when aggravated by stress and a lack of medication: "Frozen Shoulder Syndrome," anxiety, depression, Sjogren's Disease, and Lupus. Wood River's family leave policy states that employees are granted up to twelve weeks of unpaid leave for certain family and medical reasons provided that the employee works at least 1,250 hours in the previous twelve months.

Under this policy, Sando was qualified to take leave for her medical conditions and did so several times between 2012 and 2014. Defendant Chris Witzany was the managing pharmacist at Wood River, and whenever Sando needed to take leave, she presented Witzany with a doctor's note and coordinated her schedule with the pharmacy team. In response to

these requests, Witzany "expressed retaliatory intent," reduced her vacation time, reduced her pay, and held her to different performance standards. Despite this, Witzany told Sando that her job was safe.

Sando spoke to Sam Venigalla, Wood River's owner, about these events, but Venigalla told her that Witzany was "free to run the pharmacy as its manager however he wants." Dkt. 11, ¶ 49. Upon receiving Sando's final request for leave on October 17, 2014, Witzany terminated her.

After, she filed a discrimination and retaliation complaint with the Equal Employment Opportunity Commission ("EEOC") and applied for other jobs. She had trouble finding one because Witzany provided malicious employment references to potential employers. On June 9, 2017, the EEOC issue a right-to-sue letter, and this suit was commenced.

ANALYSIS

When evaluating a motion to dismiss under Rule 12(b)(6), the question is "simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility requirement calls for "enough details about the subject-matter of the case to present a story that holds together." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015) (citation and quotation marks omitted).

A. Family and Medical Leave Act

Wood River challenges Sando's claim under the FMLA on the ground that Sando has not adequately alleged that she meets the requirements for FMLA eligibility. An employee is eligible for FMLA protections if: (1) she has been employed by the employer for at least 12

months; (2) she has at least 1,250 hours of service during the 12 months before she requested leave; and (3) the employer has more than 50 employees who work within 75 miles of the plaintiff's worksite. 29 U.S.C. § 2611(2). Wood River says that Sando has not alleged the third requirement.

Alternatively, Wood River assumes for the purpose of its motion to dismiss that an employee may be protected by the FMLA even if the employer does not have a sufficient number of employees if the employee can meet the requirements for equitable estoppel. *Weidner v. Unity Health Plans Ins. Corp.*, 606 F. Supp. 2d 949, 956 (W.D. Wis. 2009) ("Although the Seventh Circuit has not considered directly whether equitable estoppel is available to defeat a defense of FMLA ineligibility, it has suggested that the doctrine could be applied 'in an appropriate case.'") (quoting *Dormeyer v. Comerica Bank–Illinois*, 223 F.3d 579, 582 (7th Cir. 2000)). Under federal law, equitable estoppel has three elements: 1) the party to be estopped made a misrepresentation of fact to the other party with reason to believe that the other party will rely upon it; 2) the other party reasonably relied upon that misrepresentation; and 3) the other party suffered a detriment as a result of his or her reliance. *Id.* Wood River says that Sando failed to adequately allege that she relied on a misrepresentation by Wood River that she was protected by the FMLA.

The court will deny Wood River's motion as to Sando's FMLA claim. Sando alleges that Wood River qualifies as an employer under the FMLA, Dkt. 11, ¶ 87, which is all that she was required to do at the pleading stage. Although Sando did not provide more specific allegations about Wood River's number of employees, a "[p]laintiff['s] pleading burden should be commensurate with the amount of information available to [her]. It is unreasonable to require plaintiffs to plead . . . with more particularity when they have no knowledge of the specific

4

[facts] and can learn of them only through discovery." *Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1100 (7th Cir. 2015). *See also Collins v. Midwest Med. Records Ass'n,* No. 07-cv-437, 2009 WL 606219, at *11-12 (E.D. Wis. Mar. 9, 2009) (denying a motion to dismiss where the employer was in the sole possession of the information necessary to determine whether the employee was FMLA eligible).

Wood River does not suggest that Sando would have any way to determine without discovery exactly how many employees that it has, so the court declines to require her to plead with more specificity. If Wood River believes that Sando cannot prove her FMLA eligibility with admissible evidence, it is free to raise the issue again in a motion for summary judgment. Because the court concludes that Sando has adequately alleged that Wood River is a covered employer, it is unnecessary to decide whether Sando has adequately alleged the elements of equitable estoppel.

**B. Tortious interference with prospective contracts**

Under Wisconsin law, a claim for tortious interference with prospective contracts has five elements: (1) the plaintiff had a prospective contractual relationship with a third party; (2) the defendant interfered with the relationship; (3) the interference was intentional; (4) there was a causal connection between the interference and the plaintiff's damages; and (5) the interference was not justified or privileged. *Dorr v. Sacred Heart Hosp.*, 228 Wis. 2d 425, 456, 597 N.W.2d 462, 478 (Ct. App. 1999) (citing *Cudd v. Crownhart,* 122 Wis.2d 656, 659–60, 364 N.W.2d 158, 160 (Ct. App. 1985)).

Wood River challenges Sando's allegations relating to the fifth element. Wood River says that a plaintiff can prove the fifth element only with evidence that the defendant used

5

"coercion by physical force" or "fraudulent misrepresentation," Dkt. 20, at 14, and that Sando's amended complaint does not include allegations supporting either of those things.

The court will deny this aspect of Wood River's motion as well. As an initial matter, it is not clear that Sando has the burden of pleading lack of privilege, though both sides assume that she does. "No Wisconsin appellate court has determined whether the plaintiff must show 'improper' interference or if the defendant must prove that his or her interference was justified." WIS JI-CIVIL § 2780. In the absence of authority from the Wisconsin courts, this court would follow *Fed. Pants, Inc. v. Stocking*, 762 F.2d 561, 569 (7th Cir. 1985), which held in the context of a case under Wisconsin law that "the burden of proving the justification for such interference is upon the defendant." Because a plaintiff is not required to plead facts supporting an affirmative defense, *Stuart v. Local 727, Int'l Bhd. of Teamsters*, 771 F.3d 1014, 1018 (7th Cir. 2014), Sando's failure to allege a lack of privilege would not be fatal to her claim.

Regardless, Wood River is wrong about the standard. It cites P*ure Milk Prod. Co-op. v. Nat'l Farmers Org.*, 64 Wis. 2d 241, 260, 219 N.W.2d 564, 574 (1974), for the view that the interference is justified unless the defendant used physical force or made a fraudulent representation, but that is only in the context of two parties that are business competitors; it does not apply to all tortious interference claims. Generally, there are several factors that are considered in determining whether conduct is privileged: (1) the nature of the defendant's conduct; (2) the defendant's motive; (3) the interests of the plaintiff; (4) the interest sought to be advanced by the defendant; (5) the social interests in protecting the freedom of action of the defendant and the contractual interest of the plaintiff; (6) the proximity or remoteness of

6

the defendant's conduct to the interference; and (7) the relations between the parties. *Cudd*, 122 Wis. 2d at 660–61, 364 N.W.2d at 161.

In the context of an adverse employment reference, the plaintiff must also overcome Wis. Stat. § 895.487. *Ashker v. Aurora Medical Group*, 2013 WI App 143, ¶ 12, 352 Wis. 2d 193, 841 N.W.2d 297. That statute creates a presumption of good faith that can be rebutted with evidence "that the employer knowingly provided false information in the reference, that the employer made the reference maliciously or that the employer made the reference in violation of s. 111.322," which prohibits discrimination on various grounds, including disability.

In this case, Sando alleges that Wood River "maliciously provided disparaging refences and discouraged others from hiring Plaintiff" and that the statements were made "in bad faith" and because of Sando's "protected conduct and her disabilities." Dkt. 11, ¶¶ 70, 97–98. Those allegations are sufficient at the pleading stage to satisfy whatever burden Sando has. The court will deny Wood Rover's motion to dismiss in full.

ORDER

IT IS ORDERED that defendants' motion to dismiss, Dkt. 19, is DENIED.

Entered May 25, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge